GEORGE E. REEVES and DOROTHY REEVES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reeves v. Commissioner
Docket No. 4407-77.
United States Tax Court
T.C. Memo 1979-41; 1979 Tax Ct. Memo LEXIS 487; 38 T.C.M. (CCH) 159; T.C.M. (RIA) 79041; January 29, 1979, Filed D. Derrell Davis, for the petitioners. Charles L. McReynolds, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 20,877.99 in petitioners' Federal income tax for 1970 and a section 6653(a) [1]/ addition to tax in the amount of $ 1,043.90. Concessions having been made by both parties on other issues, the issues remaining for decision are as follows: *488 1. Whether petitioners omitted from their reported gross income for 1970 the proceeds of certain checks totaling $ 77,800 so that the 6-year statute of limitations provided in section 6501(e)(1)(A) is applicable. 2. Whether any part of the underpayment of taxes for 1970 was due to "negligence or intentional disregard of rules and regulations" within the meaning of section 6653(a). FINDINGS OF FACT Petitioners George E. Reeves and Dorothy Reeves, husband and wife, were legal residents of Mena, Arkansas, when they filed their petition. They filed a timely joint Federal income tax return for 1970 with the Internal Revenue Service Center, Austin, Texas. The notice of deficiency on which the present action is based was mailed to petitioners on February 3, 1977, by the District Director of Internal Revenue, Little Rock, Arkansas. During 1970, petitioner George E. Reeves (hereinafter petitioner) was a partner in Reeves & Reeves, d/b/a Reeves Chevrolet Company (the partnership), a partnership engaged in automobile sales. Petitioner was entitled to a 50-percent interest in the partnership's profits and losses. On its return for 1970, the partnership reported gross receipts *489 in the amount of $ 583,032; net ordinary gain in the amount of $ 9,585; "other income" in the amount of $ 12,298; and an ordinary loss in the amount of $ 16,016. Petitioners reported on their income tax return for 1970 petitioner's distributive share of the partnership loss in the amount of $ 8,008. For the purposes of applying section 6501(e)(1)(A), petitioner's reported gross income (i.e., his distributive share of the partnership's gross income) was $ 314,723.50, computed as follows: Petitioner's share of the partnership's
gross receipts
$ 302,457.50
Long-term capital gain from an unre-
lated partnership
12,266.00
Gross income for purposes of section
6501(e)(1)(A)
$ 314,723.50
In 1970, petitioners received additional gross income in the amount of $ 4,004.18 which was unrelated to the item at issue in this case. On or about April 22, 1970, and May 6, 1970, petitioner, accompanied by four or five other men, met with George W. Morris (hereinafter Morris) an attorney and friend of petitioner, in Conroe, Texas. Conroe is approximately 18 miles from Houston. Morris did not know the men who accompanied petitioner. On both occasions, petitioner asked *490 Morris to assist in cashing certain cashiers checks. At the first meeting, which took place in Morris' office, petitioner gave Morris five cashiers checks drawn on the Island State Bank (Island bank) at Port Aransas, Texas, and issued on April 22, 1970. The payees and the amounts of the checks are as follows: Payee
Amount
Harry L. Weinstein
$ 11,800
Harry L. Weinstein
10,000
Irving B. Kramer
10,000
Irving B. Kramer
10,000
L. T. Tyler
1,000
$ 42,800 Each check when received by Morris had been endorsed in the name of the payee. At the second meeting, which took place in the First National Bank (National bank) in Conroe, petitioner gave Morris two cashiers checks also drawn on the Island bank and issued on May 6, 1970. The payees and the amounts of those checks are as follows: Payee
Amount
Harry L. Weinstein
$ 18,480
D. L. Howard
16,520
$ 35,000 These checks had also been endorsed in the name of the payee. On both occasions, after receiving the checks, Morris further endorsed them and presented them to the National bank for payment. Morris gave the proceeds to petitioner who then left, in company with the other men, before *491 making any distribution of the money. In their 1970 income tax return, petitioners did not report any of the proceeds of the seven checks, totaling $ 77,800. In the notice of deficiency, respondent determined that petitioners had additional income not reported on their return totaling $ 83,958.64, including the check proceeds of $ 77,800. Respondent further determined that petitioners are liable for an addition to tax under section 6653(a). OPINION Petitioners filed a timely income tax return for 1970, and respondent mailed them a notice of deficiency for that year on February 3, 1977, after the expiration of the 3-year statute of limitation prescribed by section 6501(a) [2]/ but within the 6-year statute of limitations period of section 6501(e)(1)(A). That latter section reads in pertinent part as follows: *492 (e) Substantial Omission of Items.--Except as otherwise provided in subsection (c)-- (1) Income taxes.--In the case of any tax imposed by subtitle A-- (A) General rule.--If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * * Respondent has the burden of proving the facts necessary to show that the 6-year statute of limitations period applies. , affd. ; . This means that respondent has the burden of showing that petitioners omitted from their 1970 return income in an amount in excess of 25 percent of the gross income stated in the return. Respondent has failed to carry that burden. For the purposes of applying section 6501(e)(1)(A), petitioners are deemed to have reported on their income tax return for 1970 gross income in the amount *493 of $ 314,723.50. The parties have agreed that petitioners received in 1970 additional gross income in the amount of $ 4,004.18. Respondent maintains that petitioner also received $ 77,800 in the form of the proceeds of the checks cashed by Morris and that such proceeds were additional gross income sufficient to trigger the 6-year statute of limitations. The gist of respondent's argument is that petitioner gambled, won, received his winnings in the form of the checks, forged the endorsements of the named payees, and gave the checks to his friend Morris to cash. He argues that the individuals who accompanied petitioner to the meetings with Morris were not the named payees, did not endorse the checks, and did not receive the proceeds. On this theory, respondent contends that he has carried his burden by establishing that (1) petitioner received for his own benefit the proceeds of the checks and (2) the likely taxable source (i.e., gambling). The evidence does not support respondent's argument. There is no evidence to show petitioner was the beneficial recipient of the proceeds of the checks. It is true petitioner physically received the proceeds of the cashiers checks from *494 Morris after the checks were cashed at the National bank and that petitioner in Morris' presence did not immediately turn the proceeds over to the men who accompanied him to the meetings. These facts alone, however, do not support a conclusion that petitioner endorsed the checks or received the proceeds for his benefit. He steadfastly maintains that he received none of the proceeds for his own benefit but assisted in cashing the checks only as an accommodation to the payees. Morris testified that the men who accompanied petitioner to the meetings represented to him that they were the payees named on the checks. In an attempt to prove that petitioner endorsed the checks, respondent introduced a laboratory report detailing an analysis made by Philip A. White, document analyst, Alcohol, Tobacco and Firearms Division, Internal Revenue Service, of the endorsements on the cashiers checks in comparison with writing samples obtained from petitioner. The report is inconclusive. It states only that petitioner could have made the endorsements.Such evidence is insufficient to establish that petitioner endorsed the checks or was the beneficial recipient of the check proceeds. It follows *495 that the 6-year statute of limitations prescribed by section 6501(e)(1)(A) does not apply and the notice of deficiency was untimely. Although petitioner conceded that he failed to report income in the amount of $ 4,004.18, that sum is not sufficient to meet the requirements of that section. We therefore, do not reach the second issue of whether petitioner is liable for a section 6653(a) addition to tax. Accordingly, Decision will be entered for the petitioners. Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.
2. / SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.↩